IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |  |
|---|---|---|
| DAMARIUS THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-045 |
| | ) | |
| VERONICA STEWART, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, commenced the above-captioned civil rights case *pro se* and is proceeding *in forma pauperis* ("IFP"). Defendant filed a pre-answer motion to dismiss on Plaintiff's excessive use of force claim, (doc. no. 30). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendant's motion to dismiss on the excessive use of force claim be **GRANTED**, (doc. no. 30).

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff named fourteen Defendants, and because he is proceeding IFP, the Court screened his amended complaint. (See doc. nos. 3, 23, 25.) United States District Judge Dudley H. Bowen, Jr. dismissed Defendants White, Winters, Telfair State Prison, Beasley, Thomas, Kieth, Chaney, Murray, Wilcox, Smith, Rykard, Jones, and Georgia Department of Corrections from this case for failure to state a claim upon which relief can be granted on November 22, 2022. (Doc. no. 29.) The Court allowed Plaintiff's excessive force and due

process claims against Defendant Stewart to proceed. (Id.) Defendant Stewart moves to dismiss the excessive use of force claim, arguing Plaintiff failed to exhaust his administrative remedies prior to filing his amended complaint. (See doc. no. 30.) Plaintiff did not respond to the motion, and it is therefore unopposed pursuant to Local Rule 7.5.

The amended complaint alleges that on May 4, 2022, Defendant Stewart pepper sprayed Plaintiff in the eyes three times for five seconds each. (Doc. no. 23, p. 19.) Sergeant Brown also sprayed him once for good measure. (Id.) Plaintiff was left lying in pain and unable to see or breathe. (Id.) He was not taken to medical until a day later. (Id.)

In support of her motion to dismiss, Defendant Stewart produced the declaration of Anntoinette Johnson, Grievance Coordinator at TSP. (See doc. no. 30-2 (Johnson Decl.).) As Grievance Coordinator, Ms. Johnson's responsibilities include ensuring compliance with the Georgia Department of Corrections' ("GDC") Grievance Standard Operating Procedure ("SOP"), coordinating investigations and responses to inmate grievances, and maintaining information and records regarding inmate grievances. (Id. at ¶ 2.) Ms. Johnson identified one grievance that Plaintiff filed at TSP concerning the pepper spraying incident. (Id. at ¶ 13 & Ex. 3.)

Grievance no. 341039 was filed on May 3, 2022, in which Plaintiff alleged that Defendant Stewart harassed him, and pepper sprayed him, all in retaliation for filing previous grievances. (Id.) The grievance was rejected on July 20, 2022, because it contained more than one issue, and Plaintiff appealed it to Central Office on July 28, 2022. (Id.) Central Office denied his appeal on October 13, 2022. (Id.)

## II.     DISCUSSION

### A.     The Legal Framework

Where, as here, a defendant files a motion to dismiss a claim based on failure to exhaust administrative remedies, the Eleventh Circuit has laid out a two-step process for courts to use in resolving such motions.  First, the court looks to the factual allegations made by both parties, taking the plaintiff's version as true where they conflict, and if in that light the complaint is subject to dismissal for failure to exhaust administrative remedies, the defendant's motion will be granted.  Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (citing Bryant v. Rich, 530 F.3d 1368, 1373-74 (11th Cir. 2008) (citations omitted)).  If the complaint is not subject to dismissal at the first step, then at step two the court makes specific findings to resolve the disputed factual issues, with the defendant bearing the burden of proving that Plaintiff has failed to exhaust his administrative remedies.  Id.  Based on its findings as to the disputed factual issues, the court determines whether the prisoner has exhausted his available administrative remedies and thus whether the motion to dismiss should be granted.  Id.  Because exhaustion "is treated as a matter of abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."  Bryant, 530 F.3d at 1376 (citations omitted).

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Because exhaustion of administrative remedies is a "precondition" to filing an action in federal court,

3

the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit.  Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008) (*per curiam*); Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000).  "The filing of a civil suit without properly exhausting all available administrative remedies is a procedural misstep that is fatal to the underlying case."  McKeithen v. Jackson, 606 F. App'x 937, 939-40 (11th Cir. 2015) (*per curiam*) (citing Johnson v. Meadows, 418 F.3d 1152, 1158-59 (11th Cir. 2005)).

The PLRA's mandatory exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences."  Porter v. Nussle, 534 U.S. 516, 520 (2002).  Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate.  See Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (*per curiam*) (citing Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998)).  Under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective."  Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326.  Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'"  Johnson, 418 F.3d at 1155, 1156.

Furthermore, the PLRA also "requires proper exhaustion."  Woodford v. Ngo, 548 U.S. 81, 93 (2006).  In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way.  Id. at 90 (internal quotations omitted).  If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he does not satisfy the exhaustion requirement.  Johnson, 418 F.3d at 1159.

4

B.   **The Administrative Grievance Procedure**

The applicable administrative grievance procedure is GDOC's SOP Policy No. ("PN") 227.02, which became effective on May 10, 2019.  (Johnson Decl. ¶ 3 & Ex. 1.)  The grievance procedure has two steps:  (1) Original Grievance, and (2) Central Office Appeal.  PN 227.02 § IV(C); (Johnson Decl. ¶ 5.)  The administrative remedies procedure commences with filing the original grievance with a counselor or through a kiosk or tablet.  PN 227.02 § IV(C)(1)(c-d).  The inmate has ten calendar days "from the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the grievance.  Id. § IV(C)(1)(b).  The timeliness requirements of the administrative process may be waived upon a showing of good cause.  Id.  The grievance coordinator screens the grievance to determine whether to accept it for processing or recommend the Warden reject it.  Id. § IV(C)(1)(e)(i).  The grievance may be rejected, *inter alia*, if it raises one of the listed non-grievable issues, includes threats or insults, or raises more than one issue/incident.  Id.  § IV(C)(1)(e)(ii).

The policy requires the Warden provide a response to the prisoner who filed the grievance within forty calendar days from submission of the original grievance; a onetime ten-calendar-day extension may be granted.  Id. § IV(C)(1)(f)(v).  If the grievance is rejected, or if the time allowed for a response to the grievance has expired without action, the offender may proceed to step two of the grievance process, a central office appeal.  Id. § IV(C)(1)(e)(v) & (c)(1)(f)(viii); § IV(C)(2).  The inmate has seven calendar days from the date he receives the Warden's response to the grievance to file a central office appeal, but this time limit may be waived for good cause.  Id. § IV(C)(2)(b).  The Commissioner or his designee then has 120 calendar days after receipt of the grievance appeal to deliver a decision to the prisoner who filed the appeal.  Id. § IV(C)(2)(e).  If the central office appeal results in a

determination the original grievance should have been accepted by the facility and processed, the grievance will be returned to the facility for investigation, and the Warden has fifteen calendar days from receipt of the returned grievance to give a decision to the prisoner who filed the grievance. Id. § IV(C)(2)(g). The prisoner has seven calendar days from receipt of the Warden's second response to file a second central office appeal. Id.

### C.     Plaintiff's Failure to Exhaust

Plaintiff originally filed suit in the Southern District of Georgia on May 11, 2022, and his amended complaint was signed and dated for October 8, 2022. (Doc. no. 23, p. 11.) Plaintiff's grievance history shows he filed one grievance, no. 341039, on May 3, 2022. (Johnson Decl. ¶ 13 & Ex. 3.) Plaintiff acknowledges in his amended complaint there is a grievance procedure and claims that he filed a grievance and an appeal, however, he did not provide any information about the outcome of his appeal. (Doc. no. 23, p 8.) There is no dispute Plaintiff filed a grievance concerning his excessive force claim against Defendant. Thus, under step one of Turner, dismissal is not appropriate because of the uncertainty about the appeal outcome of the grievance and moves to step two. See Turner, 541 F.3d at 1082.

Under the second Turner step, the Court must make specific findings to resolve the factual disputes regarding exhaustion, and Defendant has the burden to prove Plaintiff did not exhaust administrative remedies. See Maldonado v. Baker Cnty. Sheriff's Office, 23 F.4th 1299, 1307 (11th Cir. 2022). Defendant produced evidence that Plaintiff filed one grievance, no. 341039, with the appropriate office. (Johnson Decl. ¶ 13 & Ex. 3.) The grievance was rejected on July 20, 2022, because it contained more than one issue, and Plaintiff appealed it to Central Office on July 28, 2022. (Id.) Central Office denied his appeal on October 13, 2022. (Id.)

While Plaintiff appealed his grievance, Plaintiff did not receive a response to the appeal before the filing of his lawsuit on May 11, 2022, or the filing of his amended complaint on October 8, 2022. Plaintiff does not dispute this evidence. Defendant therefore satisfies her burden under Turner in showing Plaintiff did not properly exhaust the grievance procedure. 541 F.3d at 1082-83.

Because Plaintiff did not exhaust his administrative remedies with respect to his claim against Defendant Stewart prior to initiating this lawsuit, the motion to dismiss should be granted. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001) (*per curiam*) ("'[U]ntil such administrative remedies as are available are exhausted,' a prisoner is precluded from filing suit in federal court.") (citations omitted); Higginbottom, 223 F.3d at 1261.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant's motion to dismiss for the excessive use of force claim be **GRANTED**, (doc. no. 30). Only Plaintiff's due process claim against Defendant Stewart remains.

SO REPORTED and RECOMMENDED this 25th day of January, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA